FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 0 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01387-BNB

GUNIN VLADIMIR LUKYANOVICH,

    Applicant,

v.

WARDEN KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Gunin Vladmir Lukyanovich, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Lukyanovich initiated this action by filing on May 25, 2011, a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 04CR1455 in the Weld County District Court of Colorado. He filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on June 20, 2011. He has paid the $5.00 filing fee in a habeas corpus action.

In an order entered on June 23, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer

Response on July 12, 2011. Mr. Lukyanovich did not file a Reply to the Pre-Answer Response within the time provided.

The Court must construe liberally the Amended Application filed by Mr. Lukyanovich because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

## I. Background

On April 27, 2005, Mr. Lukyanovich pled guilty to two counts of vehicular homicide and two counts of vehicular assault. *See* Pre-Answer Resp. at Ex. B, p. 7 (State Court Register of Actions). On June 30, 2005, the trial court sentenced him to prison terms totaling 24 years. *Id.* at 6. Mr. Lukyanovich did not file a direct appeal.

On July 29, 2005, Mr. Lukyanovich filed a letter with the state court that was construed as a motion for reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b). *Id.* The trial court denied the motion on January 17, 2006. *Id.* at 5.

On April 27, 2007, Mr. Lukyanovich filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c) and requested appointment of counsel. *Id.* The trial court appointed counsel for Mr. Lukyanovich, and on August 20, 2007; March 10, 2008; and July 17, 2008, counsel filed additional Rule 35(c) motions for Mr. Lukyanovich. *Id.* at 3-5. On August 5, 2008, the trial court held a hearing and issued an order denying relief on the Rule 35(c) motions. *Id.* at 3. Mr. Lukyanovich

2

filed an appeal, and on July 2, 2009, the Colorado Court of Appeals affirmed the trial court's order. *See People v. Gunin*, No. 08CA1955 (Colo. App. July 2, 2009) (unpublished opinion) (Pre-Answer Resp. at Ex. A). The mandate issued on August 28, 2009. *See* Pre-Answer Resp. at Ex. B, p. 2. On June 28, 2010, Mr. Lukyanovich filed a motion requesting leave to file an untimely petition for a writ of certiorari in the Colorado Supreme Court. *Id.* The Colorado Supreme Court denied the motion on August 9, 2010. *Id.*

Mr. Lukyanovich then filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court on May 25, 2011. He filed an Amended Application on June 20, 2011. In the Amended Application, Mr. Lukyanovich asserts the following claims:

> 1. The police conducted an incompetent and flawed investigation of the traffic accident that led to the criminal charges against Mr. Lukyanovich;
>
> 2. Plea counsel provided ineffective assistance of counsel by failing to investigate the case, and misinforming Mr. Lukyanovich regarding the potential sentence he would receive; and
>
> 3. Mr. Lukyanovich's Russian interpreter misinformed him regarding the possible sentencing range, and therefore, his plea was not knowing, intelligent and voluntary.

Amended Application at 17-20.

## II.   Timeliness

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall

run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Lukyanovich's criminal case became final. The final sentence in Mr. Lukyanovich's case entered on June 30, 2005. Pre-Answer Resp. at Ex. B, p. 6. Because Mr. Lukyanovich did not file a direct appeal, the Court therefore finds that his conviction became final on August 15, 2005,[1] forty-five days after

---

[1] The forty-fifth day after June 30, 3005, was August 14, 2005. However, August 14, 2005, was a Sunday. Therefore, the filing deadline extended until August 15, 2005. *See* C.A.R. 26(a).

4

he was sentenced. *See* Colo. App. R. 4(b); ***Locke v. Saffle***, 237 F.3d 1269, 1273 (10th Cir. 2001). As such, the one-year statute of limitations would begin to run on August 16, 2005, the next business day after the conclusion of the time to appeal. *See, e.g.,* ***Locke***, 237 F.3d at 1273.

The Court must next determine whether any of Mr. Lukyanovich's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." ***Artuz v. Bennett***, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

***Habteselassie v. Novak***, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See* ***Gibson v. Klinger***, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." ***Barnett v. Lemaster***, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a


post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, the limitations period did not begin to run on August 16, 2005, because Mr. Lukyanovich filed a motion for reconsideration on July 29, 2005. *See* Pre-Answer Resp. at Ex. B, p. 6. The trial court denied the motion on January 17, 2006. *Id.* at 5-6. Mr. Lukyanovich then had 45 days, or until March 3, 2006, to appeal the trial court's denial of the motion for sentence reconsideration to the Colorado Court of Appeals. *See* Colo. App. R. 4(b). Mr. Lukyanovich did not file an appeal.

Accordingly, the limitation period began to run on March 4, 2006, and ran untolled for 365 days until it expired on March 4, 2007. Because the one-year limitation period expired before Mr. Lukyanovich filed his first Rule 35(c) motion for post-conviction relief on April 27, 2007, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As such, because Mr. Lukyanovich did not file his habeas corpus application in this Court until May 25, 2011, more than four years after the limitations period expired, the Court finds that the action is untimely and must be dismissed.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In

addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Lukyanovich bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Lukyanovich fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Lukyanovich has exhausted his state court remedies. Accordingly, it is

ORDERED that the Amended Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __10th__ day of ____August____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01387-BNB

Vladimir Lukyanovich Gunin
Prisoner No. 127126
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 10, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk